**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

_____
                                        )
**PHILLIP DUFFY,**                      )
                                        )          **CIVIL ACTION**
            **Petitioner,**             )
                                        )          **NO. 18-40128-TSH**
            **v.**                      )
                                        )
**COLETTE GOGUEN,**                     )
                                        )
            **Respondent.**             )
_____ )


## ORDER AND MEMORANDUM ON RESPONDENT'S MOTION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS (Docket No. 11)

**January 7, 2019**

**HILLMAN, D.J.**

Phillip Duffy ("Petitioner") file a petitioner under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Docket No. 1) ("Petition") alleging ineffective assistance of counsel for several reasons. Colette Goguen ("Respondent") subsequently filed this motion to dismiss the Petition as time-bared under 28 U.S.C. § 2244(d). (Docket No. 11). For the reasons below, Respondent's motion is **_granted_**.

## Background

On August 28, 2008, following a jury trial in Massachusetts Superior Court, Petitioner was convicted of eight counts of rape of a child, three counts of indecent assault and battery on a child under fourteen, five counts of indecent assault and battery on a person fourteen or older, and one

count of posing a child in a state of nudity. On October 7, 2008, Petitioner was sentenced to life imprisonment.

On August 14, 2012, the Appeals Court affirmed Petitioner's convictions. *See Commonwealth v. Duffy*, 82 Mass. App. Ct. 1110, 972 N.E.2d 82 (2012). On September 24, 2012, Petitioner filed an application for leave to obtain further appellate review ("ALOFAR") in the Massachusetts Supreme Judicial Court ("SJC"). On November 2, 2012, the SJC denied the ALOFAR. *See Commonwealth v. Duffy*, 463 Mass. 1110, 977 N.E.2d 560 (2012).

On December 7, 2015, Petitioner filed a motion for a new trial in Middlesex Superior Court. (Docket No. 11-1). On May 5, 2016, Petitioner's motion was denied. *Id.* Subsequently, Petitioner appealed. *Id.* On October 17, 2017, the Massachusetts Appeals Court affirmed the order dying the motion for a new trial. *See Commonwealth v. Duffy*, 92 Mass. App. Ct. 1109, 94 N.E.3d 347 (2017). On December 22, 2017, Petitioner filed a second ALOFAR in the SJC, which was denied on February 6, 2018. *See Commonwealth v. Duffy*, 478 Mass. 1109, 102 N.E.3d 424 (2018).

On July 30, 2018, Petitioner filed this petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1).

### Discussion

Respondent has filed a motion to dismiss the Petition as time barred pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), *et seq.*, which requires a state prisoner to file his federal habeas petition within one year of the date on which his state conviction becomes final. On November 2, 2012, the SJC denied Petitioner's first ALOFAR, *see Duffy*, 463 Mass. 1110, 977 N.E.2d 560; his convictions became final ninety days thereafter on January 31, 2013. *See Neverson v. Farquharson*, 366 F.3d 32, 36 (1st Cir. 2004) (stating that a defendant's "conviction became final when the ninety-day period for seeking

certiorari expired"). Thus, absent any tolling, Petitioner had until January 31, 2014 to file a habeas petition.

"[A] motion for a new trial filed in the original case and heard by the trial judge is an appropriate mechanism for tolling under section 2244(d)(2)." *Kholi v. Wall*, 582 F.3d 147, 153-54 (1st Cir. 2009) (citations omitted). On December 7, 2015, Petitioner filed a motion for a new trial in the Middlesex Superior Court. (Docket No. 11-1). By the time he filed that motion, however, Petitioner did not have any remaining time to toll the statute of limitations. *See Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005) (noting that "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." (alternations in original) (citation omitted)). Consequently, Petitioner cannot rely on the tolling provision set forth in Section 2244(d)(2).

### Conclusion

For the reasons stated above, Respondent's motion to dismiss (Docket No. 11) is ***granted***.

### Certificate of Appealability

The statute governing appeals of final orders in habeas corpus proceedings provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000) (internal quotation marks omitted). This is a low bar; a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not

prevail. *Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S.Ct. 1029 (2003). In ruling on an application for a certificate of appealability, a district court must indicate which specific issues satisfy the "substantial showing" standard. 28 U.S.C. § 2253(c)(3).

Petitioner failed to file his petition for habeas corpus within one year of the date that his conviction became final. Petitioner cannot rely on the tolling provision in Section 2244(d)(2) because the statute of limitations expired before he filed his motion for a new trial. Moreover, Petitioner cannot establish that the Commonwealth of Massachusetts impeded the filing of a timely petition, that his Petition raises claims based on a newly created constitutional right, or that the claims in question could not have been timely raised in the exercise of due diligence. Finally, he cannot establish that there are extraordinary circumstances which warrant the application of equitable tolling. Accordingly, reasonable jurists could not debate that the Petition is time-barred.

I am denying a certificate of appealability with respect to all grounds for relief asserted in the Petition because I find that Petitioner cannot demonstrate that reasonable jurists could debate whether his claims should be resolved in a different manner, or that there is any basis to proceed further with the issues he has presented.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

4